UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JOSHUA A. DEBITY and LEAH D. DEBITY, individually and as next friends for G.D., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>VINTAGE VILLAGE HOMEOWNERS ASSOCIATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   3:22-CV-00017-DCLC-CRW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Joshua and Leah Debity, individually and as next friends of their minor son G.D., initiated this action against Defendant Vintage Village Homeowners Association alleging claims for unlawful discrimination under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. [Doc. 1]. The alleged discrimination stems from Defendant's denial of Plaintiffs' requests to install a six-foot wooden privacy fence at their home, which they assert is necessary to accommodate their son's special needs [*Id*.]. Pursuant to Fed.R.Civ.P. 26(a)(2), Plaintiffs disclosed a list of "treating medical care providers who may be called to testify in this action regarding their professional services rendered to G.D., and who may be asked to express their medical opinions within a reasonable degree of certainty regarding G.D.'s medical diagnoses, treatment, conditions and need for certain accommodations in his living environment" [Doc. 30-1, pg. 1].

Among those listed is Kristin Crabtree Gregory, PA-C, MMS, ("Ms. Gregory"), who has provided medical treatment to G.D. since birth [*Id*.]. The documents disclosed by Plaintiff with respect to Ms. Gregory consist of (1) a Medical Care Provider Questionnaire Regarding G.D. [Doc.

1

30-1, pgs. 5, 6]; (2) Ms. Gregory's Curriculum Vitae ("CV") [Doc. 30-1, pg. 7]; and an illegible photocopy of a typed letter presumably written by Ms. Gregory [Doc. 30-1, pg. 8]. Defendant now moves to strike Ms. Gregory's "report" and exclude any opinion testimony regarding the necessity of a six-foot wooden fence, pursuant to Fed.R.Evid. 702 and 703 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) [Doc. 30, pg. 1].

At the outset, the Court notes that Plaintiff's disclosure of Ms. Gregory fails to comply with the procedural rules relating to experts "specially employed to provide expert testimony[.]" Fed.R.Civ.P. 26(a)(2)(B). However, Plaintiff disclosed Ms. Gregory as a treating physician [*See* Doc. 30-1, pg. 1]. Thus, she was not required to provide a written report, so long as the scope of her testimony is limited to her own diagnosis and treatment of G.D. *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) (holding that an expert "report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment.") Rather, Rule 26 merely requires that the disclosure state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C). Considering the letter attached as an exhibit to Defendant's motion is illegible and Defendant does not challenge Plaintiff's disclosure of Ms. Gregory under Rule 26, the Court assumes for purposes of the instant motion that Ms. Gregory's report complied with the disclosure requirements.

Despite the lax disclosure requirements, the opinion testimony of a treating physician must still "pass muster under Rule 702," *Madej v. Maiden*, 951 F.3d 364, 369 (6th Cir. 2020), and "remains subject to the requirement set forth in [*Daubert*] that an expert's opinion testimony must 'have a reliable basis in the knowledge and experience of his discipline.'" *Gass v. Marriott Hotel*

2

*Servs., Inc.*, 558 F.3d 419, 426 (6th Cir. 2009) (citation omitted). Rule 702 governs admissibility of expert testimony and provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. The Supreme Court in *Daubert* held that Rule 702 requires trial courts to perform a "gatekeeping role" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597. In sum, "[f]or expert testimony to be admissible, the court must find the expert to be: (1) qualified; (2) her testimony to be relevant; and (3) her testimony to be reliable." *United States v. LaVictor*, 848 F.3d 428, 441 (6th Cir. 2017) (citing *Daubert*, 509 U.S. at 589). "The party offering the expert has the burden of proving admissibility of the expert's opinion by a preponderance of the evidence." *Ilnytskyy v. Equipnet, Inc.*, 627 F. Supp. 3d 818, 824 (E.D. Mich. 2022).

Defendant asserts Ms. Gregory's opinion testimony regarding the necessity of a particular type of fence should be excluded because (1) she is not qualified to testify as to types of fencing that could possibly be needed for G.D. and (2) her testimony is unreliable [Doc. 31, pg. 7]. With respect to Ms. Gregory's qualifications, Plaintiffs assert that Defendant's misstate the purpose of her testimony, which is actually "to assist the court in evaluating minor Plaintiff G.D.'s medical diagnoses, treatment, conditions and need for certain accommodations in his living environment, not [her] opinions about the events." [Doc. 35, pg. 11].

Ms. Gregory is a Physician Assistant with a Masters in Medical Science [Doc. 30-1]. Having treated G.D. since birth, Ms. Gregory is undoubtedly qualified to testify "within a permissive core on issues pertaining to treatment, based on what . . . she learned through actual treatment and from the plaintiff's records up to and including that treatment." *Fielden*, 482 F.3d at 871. However, as a treating physician, she is not qualified to offer opinion testimony which strays from that core. Considering the letter which presumably details a summary of the facts and opinions on which Ms. Gregory is expected to testify is illegible, however, the Court cannot determine whether or not she is qualified to offer the specific opinions proffered. Accordingly, Defendant's motion is **GRANTED** to the extent Ms. Gregory seeks to offer opinions outside of the core of her treatment of G.D. However, the motion is **DENIED** to the extent her opinions are limited to such treatment and what she learned through G.D.'s treatment.

As for reliability, Defendant asserts Ms. Gregory's "report" lacks an underlying basis or rationale to support her testimony about what is or is not a proper fence for G.D. and is based on unsupported speculation and subjective belief [Doc. 31, pg. 8]. In determining reliability, courts are instructed to look to the following four factors:

> (1) whether a theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error in using a particular scientific technique and the standards controlling the technique's operation; and (4) whether the theory or technique has been generally accepted in the particular scientific field.

*United States v. Bonds*, 12 F.3d 540, 558 (6th Cir. 1993). These standards apply equally to scientific testimony and other types of expert testimony based on technical or specialized knowledge. *Kumho Tire Co., LTD. V. Carmichael*, 526 U.S. 137, 147–49 (1999). Nonetheless, the *Daubert* factors "are not dispositive in every case," *Gross v. Comm'r*, 272 F.3d 333, 339 (6th Cir. 2001), and, in some cases, "the relevant reliability concerns may focus upon personal knowledge or experience." *Kumho Tire Co.*, 526 U.S. at 150.

Plaintiff argues that "[a] fair reading of [Ms. Gregory's] report demonstrates that her treatment of G.D. since birth has given her a unique perspective of knowing what G.D. requires to keep him safe and regulated" [Doc. 35, pg. 12]. Again, the Court cannot read the letter which the parties refer to as Ms. Gregory's "report." Nonetheless, the reliability of Ms. Gregory's testimony as a treating physician turns on her own personal knowledge or experience, rendering the *Daubert* factors unhelpful. Considering Ms. Gregory has treated G.D. since birth, her knowledge of that treatment is certainly reliable. However, given her limited qualifications, any opinion by Ms. Gregory based on matters outside that treatment would be presumptively unreliable.

Therefore, while Ms. Gregory may testify as to G.D.'s propensity to behave a certain way or do certain things as a result of his special needs, which may inherently indicate the need for a fence, Plaintiff has failed to show that Ms. Gregory possesses any personal knowledge or experience sufficient to form an opinion as to whether a particular type of fence is necessary to accommodate G.D.'s special needs. Any such testimony by Ms. Gregory would be unreliable and, as a result, must be excluded. Accordingly, Defendant's motion is **GRANTED** to the extent it seeks to exclude any opinion testimony by Ms. Gregory regarding whether G.D. required a six-foot wooden privacy fence.

**SO ORDERED:**

s/ Clifton L. Corker<br>United States District Judge