UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JOSHUA A. DEBITY and LEAH D. DEBITY, individually and as next friends for G.D., a minor, | ) ) ) ) | 3:22-CV-00017-DCLC-CRW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| VINTAGE VILLAGE HOMEOWNERS ASSOCIATION, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Vintage Village Homeowners Association's Motion for Summary Judgment [Doc. 32]. Plaintiffs Joshua and Leah Debity responded in opposition [Doc. 36]. Thus, this matter is ripe for resolution. For the reasons provided herein, Defendant's motion [Doc. 32] is **GRANTED**.

**I. BACKGROUND**

On July 23, 2021, Plaintiffs purchased a home at 2112 Scarlett Rose Court in Maryville, Tennessee ("the Property") [Doc. 37, ¶ 27]. The Property is a single-family residence located in the Vintage Village Subdivision and subject to the "Declaration of Covenants, Conditions and Restrictions for Vintage Village Subdivision" ("the Covenants") [*Id.* at ¶ 5; *see* Doc. 34-1]. Section 32 of the Covenants, as amended on June 26, 2002, provides as follows:

> All fences of any kind must be approved in writing by the Homeowners Association of Vintage Village [("HOA")] prior to any installation or construction of the same. Hedges not greater than 4 feet in height shall be permitted, provided they create no obstruction or safety hazard. Decorative fence sections shall be permitted, upon written approval of the Homeowners Association of Vintage Village, but must be

1

erected behind the sidewalk. No chain link fences shall be allowed. Underground fencing for pet containment shall be encouraged. Decorative perimeter fencing, installed by the Developer, may not be removed or altered.

[Doc. 34-1, pgs. 19–20, ¶ 3].

Prior to closing on the Property, Plaintiffs inquired about obtaining approval from the HOA for a wooden privacy fence due to their son's special needs which could cause him to elope (i.e., dart or wander off) [Doc. 38, ¶¶ 23, 25].[1] After receiving notice that the HOA preferred four-foot wrought iron fences, Plaintiffs requested a reasonable accommodation for a six-foot wooden fence to allow their son "the same access to his yard as other children do that do not have the uncontrolled urge to elope from a safe and secure environment at any moment as a result of his special needs" [Doc. 34-1, pg. 27]. The HOA responded, advising that it would consider the request after title transferred to Plaintiffs [*Id*. at pg. 26]. After Plaintiffs purchased the Property, they submitted various accommodation requests for a six-foot wooden fence. The HOA denied Plaintiffs' requests but approved a six-foot wrought iron fence [Doc. 37, ¶¶ 28, 30]. In addition, the HOA offered Plaintiffs a deferral of HOA fees to offset any concern of the cost of a wrought iron fence in comparison to a wooden fence. Plaintiffs, however, never installed any fencing and sold the Property on November 18, 2022 [Doc. 37, ¶¶ 36, 39].

After they purchased the Property but before they moved, Plaintiffs initiated this action alleging the HOA discriminated against them in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*. [Doc. 1]. Plaintiffs seek declaratory, injunctive, and monetary relief [*Id*.]. The HOA now seeks summary judgment on each of Plaintiff's claims [Doc. 32].

---

[1] Plaintiffs' son, G.D., suffers from non-verbal autism and sensory processing disorder, which causes him to be unable to process certain stimuli in the environment [Doc. 38, ¶¶ 1, 7]. In particular, G.D. is sensitive to touch, sound, light, and textures and struggles with regulating himself, all of which can lead to behavioral issues such as agitation, anxiety, and avoidance (removing clothing that gets wet and eloping/running away) [*Id*.].

## II. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "come forward with significant probative evidence showing that a genuine issue exists for trial." *McKinley v. Bowlen*, 8 F. App'x 488, 491 (6th Cir. 2001). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the nonmoving party based on the record. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## III. DISCUSSION

The HOA asserts that it is entitled to summary judgment on Plaintiffs' claims for declaratory and injunctive relief because they no longer live or own Property within the Vintage Village Subdivision and, as a result, they lack standing to seek such relief [Doc. 32, ¶ 4]. The HOA also asserts that summary judgment is proper as to any damages claim for violations of the FHA because (1) it granted Plaintiffs a reasonable accommodation or modification for fencing under the Covenants; (2) Plaintiffs' request for a six-foot wooden fence was not a reasonable accommodation; and (3) Plaintiffs suffered no recoverable damages [Doc. 32, ¶¶ 5–7]. Given that

3

the "standing doctrine comes from Article III's case-or-controversy requirement, it is jurisdictional and must be addressed as a threshold matter." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 405 (6th Cir. 2019).

### A. Standing

To establish constitutional standing, Plaintiffs "must show an injury in fact, fairly traceable to the defendant's conduct, that is likely to be redressed by a favorable decision from the court." *Fair Elections Ohio v. Husted*, 770 F.3d 456, 459 (6th Cir. 2014). "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Here, the HOA asserts Plaintiffs lack standing for the declaratory and injunctive relief sought in the Complaint [Doc. 33, pg. 11]. In particular, the HOA argues that since Plaintiffs no longer own property within the Vintage Village Subdivision, they can neither show an injury in fact or redressability [*Id*. at pg. 12]. Plaintiffs assert they have alleged sufficient personal injuries to establish standing to sue under the FHA [Doc. 36, pg. 14]. However, Plaintiffs focus solely on standing to sue for damages. "[P]laintiffs who have standing to bring a damages claim do not necessarily have standing to bring a claim for injunctive relief." *Fair Elections Ohio v. Husted*, 770 F.3d 456, 460 n.1 (6th Cir. 2014). "A plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (internal quotations and citation omitted).

"[S]tanding to seek injunctive or declaratory relief depends on the likelihood of future harm." *Hange v. City of Mansfield, Ohio*, 257 F. App'x 887, 891 (6th Cir. 2007). Thus, "[p]ast

harm . . . does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski*, 927 F.3d at 406. Rather, Plaintiffs "must show a present ongoing harm or imminent future harm." *Shelby Advocs. for Valid Elections v. Hargett*, 947 F.3d 977, 981 (6th Cir. 2020). Here, Plaintiffs have failed to make such a showing. Because Plaintiffs are no longer residents of the Vintage Village Subdivision, they face no ongoing or imminent harm from the enforcement of the Covenants in that community. Accordingly, Plaintiffs lack standing to seek injunctive or declaratory relief.

**B.     Fair Housing Act, 42 U.S.C. § 3601, *et seq*.**

Plaintiffs allege the HOA discriminated against them in violation of Section 3604(f)(1), (f)(2), (f)(3)(A), and (f)(3)(B) of the FHA by "engaging in a practice and policy of denying [their] request for modification to their Property . . . for the installation of a six (6) foot high wooden privacy fence" [Doc. 36, pgs. 1–2]. Section 3604(f)(1) and (f)(2) provide that it is unlawful to discriminate "in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter" or "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available[.]" 42 U.S.C. § 3604(f)(1), (2). Section 3604(f)(3) defines discrimination, in relevant part, as "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises" or "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" 42 U.S.C. § 3604(f)(3)(A), (B).

5

The "operative elements" of a reasonable-modification or reasonable-accommodation claim under the FHA are "the reasonableness and necessity of the requested modification" or accommodation. *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541 (6th Cir. 2014). In addition, "an FHA reasonable-accommodation or reasonable-modification plaintiff also must prove that she suffers from a disability, that she requested an accommodation or modification, that the defendant housing provider refused to make the accommodation or to permit the modification, and that the defendant knew or should have known of the disability at the time of the refusal. *Id*. The plaintiff has the burden to establish each of the foregoing elements. *Id*.

Here, the HOA focuses its argument on the second operative element; that is, the necessity of Plaintiff's requested modification or accommodation [Doc. 33, pgs. 15–16]. "The necessity element is . . . a causation inquiry that examines whether the requested accommodation or modification would redress injuries that otherwise would prevent a disabled resident from receiving the same enjoyment from the property as a non-disabled person would receive." *Id*. Thus, to establish necessity, "an FHA reasonable-accommodation or reasonable-modification plaintiff must show that, but for the requested accommodation or modification, he 'likely will be denied an equal opportunity to enjoy the housing of [his] choice.'" *Id*. (quoting *Smith & Lee Assocs., Inc. v. City of Taylor*, 102 F.3d 781, 795 (6th Cir. 1996)).

The HOA asserts that it approved a six-foot wrought iron fence and there is no basis to conclude that the requested six-foot *wooden* fence was necessary [Doc. 33, pg. 15]. Plaintiffs contend that the wooden fence "was necessary for [them] to have a safe space for outdoor play for [their son] and to keep him from both eloping and from not being exposed if he has an episode outdoors and removes his clothing" [Doc. 36, pg. 18]. Plaintiffs, however, represent that their "biggest concern was the presence of a deep drainage pond located directly behind their home"

6

[*Id*. at pg. 10]. In particular, they were concerned that if their son "were to get outside, he could dart off to the pond and drown" and they "did not feel that the backyard was a safe space for [him] without a fence" [*Id*.].

Based on the foregoing, a fence may be necessary to allow Plaintiffs' son to receive the same enjoyment from the property as a non-disabled child. However, Plaintiffs have failed to show how the approved wrought iron fence would not adequately alleviate their concerns. "Gauging necessity . . . requires considering whether another alternative on offer satisfies the goal of equal housing opportunity for that tenant. Consideration of the alternatives has long been built into the common law's analyses of necessity." *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 108 (3d Cir. 2018). Although Plaintiffs may prefer a wooden fence, they have failed to show that it is a "necessity" especially in light of the HOA's approval of a six-foot wrought iron fence. Thus, Plaintiffs have failed to carry their burden to prove an operative element of their FHA claim and, as a result, summary judgment is proper.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the HOA's Motion for Summary Judgment [Doc. 32] is **GRANTED**. A separate judgment shall enter.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge